# DISTRICT OF COLUMBIA

*v.*

# BAKERSMITH.

PRACTICE; RULE FOR INSPECTION OF PUBLIC PAPERS AND RECORDS.

1. The plaintiff in an action against a municipal corporation has the right to inspect such public records and documents as are in the possession of the defendant and which are pertinent and material to the trial of the issue; but a peremptory order on the defendant in such a case passed by the trial court on motion of the plaintiff, after notice to the defendant, requiring the defendant in its corporate capacity to exhibit certain records and documents to the inspection of the plaintiff at certain times and at certain places is improperly granted.

2. The proper practice, under such circumstances, is for the plaintiff, upon his being refused the right to inspect, to apply by a motion, designating the particular record and document he desires to inspect, for a rule upon the official or agent of the defendant having custody of the same, to show cause why such inspection should not be allowed. If, upon the return, the rule be made absolute and be disobeyed, the right may be enforced by attachment.

3. The act of Congress of May 13, 1892 (27 Stat. 38), providing that all public records which have any reference or in any way relate

to real or personal property in the District of Columbia shall be open to the public for inspection free of charge, incorporated as it is in a tax law, would *seem* to be in the interest and for the protection of taxpayers, and not, of itself, to give the right to a plaintiff in an action against the District of Columbia to inspect public records and documents in the possession of the defendant.

No. 1117.   Submitted October 4, 1901.   Decided November 5, 1901.

HEARING on an appeal (specially allowed) from an order of the Supreme Court of the District of Columbia requiring the defendant, the District of Columbia, in an action to recover damages for personal injuries, to allow the plaintiff or her attorneys to inspect certain public documents or records in its possession. *Reversed.*

The COURT in its opinion stated the case as follows:

This is a special appeal allowed from an order of the court below giving the plaintiff in the action, Rosina Bakersmith, the right to inspect the records, documents, and papers of the defendant, the municipal corporation of the District of Columbia.

The action on which the order was made was instituted to recover for personal injury suffered by the plaintiff, caused, as alleged, by the negligence of the defendant, or its agents and servants. After issue was joined on the plea of not guilty, there was a motion made by the plaintiff that the defendant be required to exhibit for the inspection of the plaintiff and her attorneys, at such times and under such conditions as the court should deem proper, all records, documents, reports and papers in the possession or control of the defendant, containing information relative to the construction, repair and condition of a certain culvert, drain, trench or sewer, described in the pleadings in the cause, to-wit: A certain culvert, drain, trench or sewer on Brightwood avenue between Richmond and Quincy streets, etc.; it being alleged that an inspection of the same was essential to the ends of justice and a fair trial of said cause. Notice merely of this motion was given counsel for the defendant that the same would be called to the attention of the court the second day after it was filed. In support of the motion was filed

an affidavit made by plaintiff's counsel, in which it is stated, "that the defendant has in its possession certain records, books, documents, reports and papers containing evidence pertinent and material to the plaintiff's case, consisting of orders for and reports upon the construction, repair and condition of a certain culvert, drain, trench or sewer described in the pleadings, etc. That, in the opinion of the deponent, it is unsafe and unadvisable for the plaintiff to present her cause without such inspection of said records in the possession of the defendant: That the information sought is exclusively in the possession and custody of the defendant: That the plaintiff through her attorney has applied to the defendant, its servants and attorneys for the information herein sought, and the same has been refused, and that the plaintiff has no means of obtaining the information desired except by such means as the court may provide."

Upon this motion only, thus supported by the affidavit just recited, the court passed a peremptory order on the defendant in its corporate capacity requiring it to exhibit to the inspection of the plaintiff or her attorneys at the office of the sewer department of the District, between the hours of 9 and 12 o'clock A. M., each day during the week beginning September 1, 1901, or so much of said time as may be necessary for the plaintiff or her attorney to complete an inspection of the herein described records or papers, the records or official papers in the possession or custody of the defendant, to-wit: Any and all orders and plans for the construction or repair of a certain culvert, drain or sewer constructed by the defendant, or by its orders, across Brightwood avenue, between Richmond and Quincy streets, etc., made or given by the defendant, or officials or employees of the government of the District, prior to January 15, 1900, and any and all official books and documents relative to said construction and repair, or material used, or to be used, in or as means adopted for doing said work; and also any and all official reports and documents relative to the condition of said culvert, etc., or any part thereof, or relative to any work done thereon by order of the authorities of the

government of the District, or officials or employees of said government, before the 15th of January, 1900.

It is from this order that the special appeal was allowed; and the first question is, whether the order was such as, under the circumstances, should have been passed?

*Mr. Andrew B. Duvall,* attorney for the District of Columbia, and *Mr. Clarence A. Brandenburg,* assistant attorney for the appellants:

1. Appellant has the right to decline to produce or allow the inspection of documents injurious to public interests; it is contrary to public policy to require such production or inspection. It is laid down by the authorities as a well-established principle of law that official transactions between the heads of the departments of the government and their subordinate officers are in general treated as secrets of State, and that, therefore, executive officers are not bound to produce papers or disclose information communicated to them, or in their possession, whenever, in their judgment, public considerations make it inexpedient. Appeal of *Hartranft et al.,* 85 Pa. St. 433; *Worthington* v. *Scribner,* 109 Mass. 487; *Totten* v. *United States,* 92 U. S. 105; *Bradley* v. *McIntosh,* 5 Ont. Rep. 227.

2. Determination of expediency to produce municipal records rests with the Commissioners. *Thompson* v. *German Valley R.R. Co.,* 22 N. J. Eq. 111; Appeal of *Hartranft,* 85 Pa. St. 433, 449.

3. There is absolutely nothing in the petition for the inspection showing such interest as would entitle the appellee to such inspection, even if it were not detrimental to public interest or public policy. *Brewer* v. *Watson,* 61 Ala. 310; 76 id. 49. Nor is there in said petition any specification of any document or report in the appellant's custody.

*Mr. Charles H. Merrilat* and *Mr. Charles F. Carusi* for the appellee:

1. The records sought to be examined are public records. Some authorities hold that at common law there is a right of

inspection in the public of such records irrespective of any special interest therein. *People* v. *Cornell,* 47 Bard (N. Y.) 329. All agree that the slightest interest in the records is sufficient. Appellee's interest appears from her declaration. 14 Ency. of Law (1st ed.), 171; Dill. on Mun. Corp. (4th ed.) Sec. 303; Grant on Corp. 311; *State* v. *Williams,* 41 N. J. L. 332–336; *Diamond Match Co.* v. *Powers,* 51 Mich. 145; *People* v. *Walker,* 9 Mich. 328; *People* v. *Mott,* 1 How. Pr. 247; *Cockburn* v. *Bank,* 13 La. Ann. 289.

2. Appellee's right of inspection is because she has an interest in the municipal records. Whether that interest rests in tort or contract is immaterial. The municipal corporation and its agents have or should have no wish to injure one of its corporators by suppressing evidence that would establish the fact that the municipality owed her compensation for damage caused her by it or its servants. The contention made in appellant's brief that cases such as this come under the doctrine of State secrets as to which public officials are vested with absolute authority to give or withhold information is absurd. No such autocracy has any place in our form of government. Carried to its logical conclusion public officers would be czars and public records but private personal memorials. The cases cited by appellant may be apropos of State secrets, but have no reference to the pending appeal. Moreover, the Commissioners of the District have nowhere in the record claimed the documents sought contained State secrets or matters affecting public policy. Payment of a few hundreds or thousand dollars on account of personal injuries caused by a defective highway does not involve public policy.

3. The act of Congress of May 13, 1892, opened the records sought to be inspected to the fullest extent. It provides: "And it is hereby declared that all public records which have any reference or in any way relate to real or personal property in said District shall be open to the public for inspection free of charge." This statute was not designed to limit the old common-law right of inspection, but to meet a specific evil arising out of efforts of authorities to conceal certain things for their own purposes. It is broad, plain, and

unambiguous.    The purpose for which the inspection is desired has nothing to with the right conferred by the statute. The order made by the court below is in every respect within its terms.    The records are public records, and they relate to property in the District.    Indeed, it was just such records as those appellee seeks to inspect that Congress probably had in mind in passing the law, for taxpayers are subject to special assessments on account of sewer improvements.

4. The grant of the order was not only proper, but the order is framed in appropriate terms.    It limits inspection to public records which would be competent evidence at the trial.    It is as specific as the nature of the case, and the fact that all access is denied by appellant to data which would enable the order to be made more specific and to identify documents more particularly, would permit.    The rule of law is that in such orders it is sufficient to describe papers by their subject-matter, and with such degree of certainty only as is practicable considering all the circumstances of the case. *United States* v. *Babcock,* 3 Dill. (U. S.) 566–570; *Bloede Co.* v. *Bancroft Co.,* 98 Fed. Rep. 175; *United States* v. *Burr,* 2 Burr's Trials; *Vasse* v. *Mifflin,* 4 Wash. C. C. (U. S.) 52; *Jones* v. *Parker,* 20 N. H. 32; *Morris et al.* v. *Hannen and McKnight,* 1 Car. & M. 23; *Rogers* v. *Custance,* 2 M. & Rod.

Moreover, appellant cannot object to the phraseology of the motion, since it neither put in a counter affidavit that it was unable to know what papers were wanted, nor objected to any specific part of the order, nor gave the slightest aid towards making a better or more specific order.    In this respect it owed a duty analogous to that owed by one making a plea in abatement.

5. The course taken by appellee was proper practice.    A suit being pending it was proper to compel inspection by a motion in the cause in the court having cognizance of the suit instead of proceeding by *mandamus.*    See 14 Ency. Law (1st ed.), 171; Dill. on Mun. Corp. (4th ed.), Sec. 303; Tidd's Pr. 595; *People ex rel. Palmer and Tompkins* v. *Vail,* 2 Cow. 623–625; *Jacques* v. *Collins,* 2 Blatchf. (U. S.) 23.

Mr. Chief Justice ALVEY delivered the opinion of the court.

There is no doubt of the right, under proper circumstances, and conditions, of the plaintiff in an action against a municipal corporation, to inspect such records, documents and papers as may be of a public nature, and which may be pertinent and material to the trial of the issue involved in the cause. Such records and documents are public, and should be open to the inspection of every one who has an interest in them. The custodians of such records and documents are charged with the duty of their safe preservation, and are liable for any want of care in their safekeeping. It is not the right of any and every one to have surrendered to him the use and control of such records and documents whenever demanded. The public right is paramount to that of any individual right, and the public right must be preserved, though always with proper respect to the individual right. The latter right must, therefore, be exercised under proper conditions and restrictions, always with a view, however, to the general public right and protection, in the preservation of the corporate records and documents.

In this aspect of the case, and having due regard to the public rights in the matter, the question is, whether the court was right in passing the peremptory order upon the motion of the plaintiff, without a rule upon the defendants to show cause against such application by answer. This was certainly contrary to the established practice upon the subject. Mr. Dillon, in his work on Municipal Corporations, Sec. 303, says: " When the corporator's application to inspect is founded on his general right he has a *mandamus,* but when it is founded on a suit pending, he obtains *a rule.* In an action by one corporation against another, rules were made absolute for each corporation to inspect so much of the books and records as related to the subject-matter in dispute. The *motion for the rule to inspect* and to have copies should be supported by affidavits showing the foundation of the claim, the application, *the proper officer, and his refusal.* The rule

will require the expenses attending obedience to be borne by
the applicant, and will, in proper cases, allow the officer a
remuneration for his trouble.  If the officer disobey, without
sufficient reason, the rule to allow an inspection or to give
copy of, or to produce corporate documents, the court will
grant an attachment against him."

But, apart from the form and mode of proceeding, the
application and order thereon would be seen to be too general
and indefinite, both as to the subject-matter desired to be
inspected, and as to the person charged with the duty of
making exhibition of the records, documents and papers for
inspection.  The order is made against the defendant, the
municipal corporation of the District of Columbia.  It is
not shown what officer of the municipal government of the
District is the custodian of the records and documents re-
quired to be inspected, and it is not shown that the demand
for inspection was made upon the proper or legal custodian
of such records and documents.  We know judicially, that
while the Commissioners are the executive head of the cor-
poration, and are authorized to sue and be sued in respect to
corporate rights and duties, there are various departments of
the municipal government of the District; and the order of
the court below would seem to recognize the sewer depart-
ment as the proper place of deposit of the records and docu-
ments desired to be inspected.  As said by Mr. Dillon, the
application for the rule should specify the particular record
or document to be produced for inspection, and designate the
officer having control thereof.  Otherwise the rule could not
be enforced; for it is well settled, that an attachment for
contempt for disobedience of the rule will not issue against
a municipal corporation, as such, but only against such of
its officers and agents as may have offended against the
process of the court.  *City of London* v. *Lynn,* 1 H. Blacks.
207, 209.

The case of the *Corporation of Barnstable* v. *Lathey,* 3 T.
Rep. 303, is closely analogous to the present.  In that case a
rule was obtained by the defendant against the plaintiff cor-
poration for the inspection of all public deeds, records, char-

ters, and writings belonging to the corporation and in its custody, relating to certain tolls. Upon objection to the rule upon the ground that it was too general and indefinite, the counsel who appeared to support the rule, admitted that the rule was drawn in terms too large, but contended that it might be granted as to *such deeds* as respected the question of tolls. *" But the court* doubted how any rule of that sort could be *served upon the corporation,* as such, in the terms of the proposed rule; but they asked the defendant's counsel whether he would be content to take a rule upon the *town clerk,* to give on oath an inspection of all such parts of the deeds, etc., as respected the question of toll; to which the defendant's counsel assenting, a rule was granted absolutely in the first instance.

The cases upon the subject are brought together in 6 Ency. Pl. & Prac., at pages 800-809, to which we refer, and where the principle is stated to be, that the books, documents or papers, of which inspection is sought, should be described with sufficient certainty to enable the party upon whom the rule is made to know what books or documents he is required to produce for inspection. A mere fishing inquiry will not be directed by the court.

The general principle of the cases, and what is required in practice, is succinctly but clearly stated by Mr. Greenleaf in his work on Evidence, under title " Public Documents," where he says: " The motion *for a rule* to inspect and take copies of books and writings, *when an action is pending,* may be made at any stage of the cause, and is founded on an *affidavit,* stating the circumstances under which the inspection is claimed, and that an application therefor has been made to the proper quarter, and refused. But *when no action is pending,* the proper course is to move for a rule to show cause why a *mandamus* should not issue, commanding the officer having custody of the books to permit the applicant to inspect them, and take copies. The application in this case should state some specific object sought by the inspection, and be supported by an *affidavit,* as in the case preceding; " that is to say, as in the case where an action is

pending. 1 Greenl. Ev., Secs. 477, 478. The motion for a rule in a pending action is authorized as a summary substitute for the *mandamus,* but, of course, the party must be allowed his right of showing cause against the making of the rule absolute. Tidd, in his work on Practice (1 vol., pp. 595, 596), shows that the proper course of proceeding is to apply by motion for rule to show cause why the inspection should not be allowed, and not by peremptory order, such as was made in this case.

The act of Congress of May 13, 1892, referred to and relied upon by the appellee, while it recognizes the general principle, that it is the right of any citizen or member of the community, if he have an interest in so doing, to inspect the public records by its terms has reference only to such public records as relate to real and personal property in the District of Columbia. It is a provision incorporated in a tax law, and would seem to be in the interest and for the protection of taxpayers; the right to inspect the records being given free of charge. The application of the present case, therefore, must be founded upon the general practice that now prevails in the common-law courts of the country, adopted, as matter of convenience and to save expense, from the practice that prevails in the courts of chancery. *Mayor of Lynn* v. *Denton,* 1 T. Rep. 689.

It follows from what we have said, that the order appealed from, granted in the mode and form adopted, was improvidently granted, and must, therefore, be reversed and vacated. But the plaintiff, if she be refused the right to inspect any record or document in the custody of any of the officials or agents of the defendant corporation, containing matter pertinent and material to the pending action, may apply by motion for a rule to show cause why such right of inspection should not be allowed, and if the rule be made absolute and be disobeyed, the right may be enforced by attachment. *Order reversed and cause remanded.*